UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NINA OSHANA SEPARATE PROPERTY TRUST, dated September 16, 2015,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A.; BAYVIEW LOAN SERVICING, LLC; SELECT PORTFOLIO SERVICING, INC.; and DOES 1-100, inclusive,<br><br>Defendants. | Case No.: 17cv2408-WQH-RBB<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the motion seeking leave to file a second amended complaint. (ECF No. 21).

**I.  BACKGROUND**

On November 30, 2017, Plaintiff Nina Oshana Separate Property Trust initiated this action by filing a Complaint with Jury Demand against Defendants Bank of America, N.A. ("Bank of America"), Bayview Loan Servicing LLC ("Bayview"), Select Portfolio Servicing, Inc. ("Select Portfolio"), and doe defendants. (ECF No. 4).

Plaintiff filed an Amended Complaint on December 18, 2017.  (ECF No. 3)

Defendants respectively filed three motions to dismiss the Amended Complaint. (ECF Nos. 4, 6, 9).

On April 18, 2018, the Court issued an Order stating in part,

> Plaintiff is ORDERED TO SHOW CAUSE why this action should not be dismissed for lack of subject matter jurisdiction. Plaintiff shall file any response to this Order no later than May 2, 2018. If Plaintiff fails to satisfy its burden of establishing subject matter jurisdiction, this action shall be dismissed without prejudice.

(ECF No. 15).

On May 3, 2018, Plaintiff filed a response to the Order to Show Cause requesting that the Court refrain from dismissing this action and instead allow Plaintiff to file a second amended complaint which cures the pleading deficiencies identified by the Court. (ECF No. 18).

On May 7, 2018, the Court issued an Order stating that Plaintiff shall file any motion for leave to file a second amended complaint on or before May 18, 2018. (ECF No. 20).

On May 18, 2018, Plaintiff filed a motion seeking leave to file a second amended complaint. (ECF No. 21).

On June 11, 2018, Defendants Select Portfolio, Bank of America, and Bayview each filed responses in opposition. (ECF Nos. 22, 23, 24).

The docket reflects that Plaintiff has not filed any reply.

**II. DISCUSSION**

Plaintiff seeks leave to amend in order "to include a second basis for Subject Matter Jurisdiction and restate, accurately and fully, its Federal Question Jurisdiction basis, in addition to the California state law claims." (ECF No. 21-1). Plaintiff contends that the proposed second amended complaint ("SAC") remedies the previous deficiencies identified by the Court. Plaintiff contends that there has been no undue delay, that Plaintiff has not acted in bad faith, and that there is no undue prejudice to Defendants. Further, Plaintiff contends that its proposed amendment is not futile.

Defendant Select Portfolio contends that leave to amend should be denied as futile. Select Portfolio contends that Plaintiff fails to satisfy Rule 8(a)(2) because the proposed SAC fails to distinguish which Defendant committed the alleged wrongdoing. Select Portfolio further contends that Plaintiff lacks standing to bring this action. Select Portfolio contends that Plaintiff fails to plead any viable claim against Select Portfolio. (ECF No. 22).

Defendant Bank of America requests that the Court deny Plaintiff's motion and issue an order granting its pending motion to dismiss with prejudice. Bank of America contends that the proposed amendments are futile and fail to cure the legal defects of previous pleadings. Bank of America contends that the proposed SAC fails to state a claim for its new cause of action under the Real Estate Settlement Procedures Act ("RESPA") as well as its prior state law causes of action. (ECF No. 23).

Defendant Bayview contends that the Court should deny leave to amend because the proposed SAC "does not cure the serious defects plaguing the first amended complaint – including that Plaintiff lacks standing to even bring this lawsuit in the first place." (ECF No. 24 at 1–2). Bayview contends that Plaintiff's proposed SAC is futile and that leave to amend would prejudice Defendants. Bayview contends that it will suffer unnecessary litigation expenses at having to file a second motion to dismiss without the benefit of the a ruling on Bayview's pending motion to dismiss. Bayview contends that the allegations of the proposed SAC are insufficient to state a claim

Federal Rule of Civil Procedure 15 mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court offered several factors for district courts to consider in deciding whether to grant a motion to amend under Rule 15(a):

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure

3

> deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

*Foman*, 371 U.S. at 182; *see also Smith v. Pac. Prop. Dev. Co.*, 358 F.3d 1097, 1101 (9th Cir. 2004). "Not all of the [*Foman*] factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052 (citations omitted). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

The Court concludes that Defendants have not made a sufficiently strong showing of the *Foman* factors to overcome the presumption of Rule 15(a) in favor of granting leave to amend. *See Eminence Capital*, 316 F.3d at 1052. The Court will defer consideration of any challenge to the merits of the proposed SAC until after the amended pleading is filed. *See Hynix Semiconductor Inc. v. Toshiba Corp.*, No. C-04-4708, 2006 WL 3093812, at *2 (N.D. Cal. Oct. 31, 2006) ("In view of Rule 15(a)'s permissive standard, courts ordinarily defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed.").

///
///
///
///
///
///
///
///

### III. CONCLUSION

IT IS HEREBY ORDERED that the motion seeking leave to file a second amended complaint filed by Plaintiff is GRANTED. (ECF No. 21). No later than ten (10) days from the date this Order is issued, Plaintiff may file the proposed second amended complaint attached to the motion as Exhibit 1. (ECF No. 21-2). If Plaintiff does not file the second amended complaint within ten (10) days, the Court will order the Clerk of Court to close this case.

Dated: July 3, 2018

Hon. William Q. Hayes
United States District Court