UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NINA OSHANA SEPARATE PROPERTY TRUST, dated September 16, 2015,<br><br>                    Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A.; BAYVIEW LOAN SERVICING, LLC; SELECT PORTFOLIO SERVICING, INC.; and DOES 1-100, inclusive,<br><br>                    Defendants. | Case No.: 17cv2408-WQH-RBB<br><br>**ORDER** |

HAYES, Judge:

    The matter before the Court is the motion for attorney fees filed by Defendant Bayview Loan Servicing, LLC. (ECF Nos. 99, 100).

**I.    BACKGROUND**

    On November 30, 2017, Plaintiff Nina Oshana Separate Property Trust initiated this action by filing a complaint with Jury Demand against Defendants Bank of America, N.A. (Bank of America), Bayview Loan Servicing LLC (Bayview), Select Portfolio Servicing, Inc. (Select Portfolio), and doe defendants. (ECF No. 4).

On December 18, 2017, Plaintiff filed an amended complaint. (ECF No. 3). On July 9, 2018, Plaintiff filed a second amended complaint. (ECF No. 26). Plaintiff alleged the following causes of action: (1) breach of written contract, (2) negligence, (3) negligent misrepresentation, (4) accounting, (5) violations of Regulation X of California's Rosenthal Fair Debt Collection Practices Act (RFDCPA) and Regulation Z of the federal Truth In Lending Act (TILA), (6) declaratory relief, and (7) violation of the federal Real Estate Settlement Procedures Act (RESPA). Plaintiffs' claims were based on allegations that Plaintiffs executed a deed of trust on property at 4209 Desoto Court, La Mesa, California (Deed of Trust), in favor of Countrywide Home Loans, in order to secure a $1,500,000 construction loan that was serviced by Defendant Bank of America and Defendant Bayview. *Id.* ¶¶ 18–21. Plaintiffs alleged they suffered financial and emotional harm caused by Defendants' failure to keep accurate loan records and provide accurate loan information to Plaintiffs and credit reporting agencies.

On November 29, 2018, the Court granted motions to dismiss filed by Defendants Select Portfolio, Bayview, and Bank of America. (ECF No. 36). The Court concluded, "Plaintiffs have not alleged sufficient facts to support a cause of action for violation of RESPA. . . . Having dismissed the only federal claim asserted by Plaintiff against Defendants, the Court declines to exercise supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367(c)."[1] *Id.* at 11–12. The Court stated, "Any motions to file an amended complaint must be filed within thirty (30) days of the date of this order in accordance with Local Rule 7.1." *Id.* at 13.

On April 16, 2019, the Court entered final judgment against Plaintiffs. (ECF No. 41).

---

[1] The Court observed, "The caption and the statement of jurisdiction in the second amended complaint reference TILA; however, the causes of action alleged in the body of the second amended complaint do not include violations of TILA." *Id.* at 12 n.4.

On April 30, 2019, Defendant Bayview filed a motion for attorney fees with supporting declarations and requests for judicial notice. (ECF No. 42).

The record reflects no further filings.

## II. DISCUSSION

Defendant Bayview contends that it is entitled to attorney fees pursuant to California Civil Code §1717 because Plaintiffs filed this action to prevent the exercise of property rights with respect to the Deed of Trust, which is a contract. Defendant Bayview contends it is a prevailing party within the meaning of California Civil Code § 1717 and California Code of Civil Procedure § 1032 because the Court entered final judgment in favor of Defendants. Defendant Bayview asserts that defending against Plaintiffs' claims protected the lender's interest in the property within the meaning of the Deed of Trust because Defendant Bayview is the servicing agent of the Bank of New York Mellon, who was assigned the original lender's interest on the Deed of Trust. Defendant Bayview asserts that the Deed of Trust provides for the $25,256.24 in attorney fees incurred by Defendant Bayview to be added to the loan balance.

If the district court exercises subject matter jurisdiction over a state law claim and "state law does not run counter to a valid federal statute or rule of court, and usually it will not, state law denying the right to attorney's fees or giving a right thereto, which reflects a substantial policy of the state, should be followed." *MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1281 (9th Cir. 1999) (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 259 n.31 (1975)). However, "[a] court that lacks jurisdiction at the outset of a case lacks the authority to award attorneys' fees." *Skaff v. Meridien N. Am. Beverly Hills, LLC*, 506 F.3d 832, 837 (9th Cir. 2007); *see also Avery v. First Resolution Mgmt. Corp.*, 568 F.3d 1018, 1023 (9th Cir. 2009) ("[S]tate law controls entitlement to attorney's fees *if* the district court exercises subject matter jurisdiction over a state law claim.") (citing *MRO Commc'ns*, 197 F.3d at 1281). *But see Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 887 (9th Cir. 2000) (Pregerson, J.) ("[A] district

court sitting in diversity may award attorneys' fees to the prevailing party under applicable state law, despite a dismissal of the action for lack of subject matter jurisdiction.").

In this case, the Court declined to exercise supplemental jurisdiction over Plaintiffs' state law claims. *See* ECF No. 36 at 12. The Court concludes that it lacks authority to award attorney fees under state law in this case.[2] *See Skaff*, 506 F.3d at 837; *see also Archer v. Silver State Helicopters, LLC*, No. CIV06CV1229JAHRBB, 2007 WL 4258237, at *3 (S.D. Cal. Dec. 3, 2007) ("[A] district court has no authority to award attorney's fees where it lacks jurisdiction over the underlying suit . . . . *Kona Enterprises* failed to distinguish what appears to be controlling authority [and] reached its holding by misconstruing the holding of one Ninth Circuit case and by relying on dicta in another."); *Van v. LLR, Inc.*, No. 3:18-CV-0197-HRH, 2019 WL 1966088, at *2 (D. Alaska May 2, 2019) ("[D]istrict courts have routinely declined to follow *Kona Enterprises*. . . . [W]hen the court lacks subject matter jurisdiction . . . it lacks authority to award attorney's fees.") (collecting cases). The record before the Court does not support an award of attorney fees on other grounds. *See Lane v. Residential Funding Corp.*, 323 F.3d 739, 747–48 (9th Cir. 2003) (affirming denial of fees under RESPA attorney fee provision because "successful defendants are only entitled to fees where the plaintiff's action is found to be frivolous, unreasonable, or without foundation"). Defendant Bayview is not entitled to attorney fees.

## III. CONCLUSION

IT IS HEREBY ORDERED that the motion for attorney fees filed by Defendant Bayview Loan Servicing, LLC (ECF No. 42) is DENIED.

Dated: June 11, 2019

Hon. William Q. Hayes
United States District Court

---

[2] Defendant Bayview's request that the Court take judicial notice of the Deed of Trust and the assignment of the Deed of Trust is denied. *See, e.g.*, *Asvesta v. Petroutsas*, 580 F.3d 1000, 1010 n.12 (9th Cir. 2009) (denying request for judicial notice where judicial notice would be "unnecessary").

4

17cv2408-WQH-RBB